United States District Court
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   MATTHEW JOHNSON, and individual, on
    behalf of himself and all other similarly
10  situated,                                    No. C 10-04147 JSW

11              Plaintiff,

12      v.                                        **ORDER GRANTING MOTION TO
                                                  STAY**
13  COMCAST OF CALIFORNIA/
    COLORADO/WASHINGTON I, INC.,
14
                Defendant.
15
    _____/
16

17          Now before the Court is the motion to stay all proceedings and/or to dismiss filed by

18  defendant Comcast of California/Colorado/Washington I, Inc. ("Comcast").  The Court finds

19  that the motion is appropriate for disposition without oral argument and the matter is deemed

20  submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for January 14, 2011 is

21  HEREBY VACATED.  Having carefully reviewed the parties' papers and considered their

22  arguments and the relevant legal authority, and good cause appearing, the Court HEREBY

23  GRANTS the motion to stay.[1]

24                              **BACKGROUND**

25          On May 27, 2008, Gabriel Fayerweather ("Fayerweather") filed a class action complaint

26  against Comcast, alleging various state law causes of action involving his employer's alleged

27  failure to pay overtime wages, failure to provide meal and rest breaks, and failure to provide

28

_____

    [1]  Considering its determination that this matter shall be stayed, the Court does not
    address the merits of Defendant's arguments pertaining to its motion to dismiss.

accurate wage statements.  That litigation is pending before Judge Barry Goode in Contra Costa

Superior Court, Case No. MSC-08-01440 (the "State Action").  There has been significant

discovery and motion practice in the State Action, including certification of the class.

On September 15, 2010, plaintiff Matthew Johnson, who is a member of the State

Action class due to the timing and nature of his employment with Comcast, filed a class action

complaint against Comcast of California/Colorado/Washington I, Inc. alleging various state law

causes of action involving his employer's alleged failure to pay overtime wages, conversion,[2]

failure to provide meal and rest breaks, violations of California unfair competition laws, unjust

enrichment, and failure to provide accurate wage statements.

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.     Legal Standards Under the *Colorado River* Doctrine.**

Under the *Colorado River* doctrine, a federal court should, under certain circumstances,

stay its proceedings in deference to similar proceedings pending in state court.  *Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).  In applying the

*Colorado River* doctrine, district courts may stay or dismiss an action when there is a

concurrent state proceeding involving the same matter and the existence of "exceptional

circumstances."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15

(1983).  Under *Colorado River*, the Ninth Circuit requires a "substantial similarity" between the

state and federal proceedings, but has noted that "exact parallelism" is not required.  *Nakash v.*

*Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

A court weighs several factors to determine whether to stay or dismiss an action

pursuant to *Colorado River*: (1) whether a court has assumed jurisdiction over a res, (2) the

inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the

order in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal

law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate

---

[2] In his opposition, Plaintiff abandons his claim for conversion.  Therefore, the second cause of action for conversion is dismissed.  (*See* Opp. Br. at iv n.1.)

1   to protect the parties' rights.  *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818;

2   *Moses H. Cone*, 460 U.S. at 25-26).  "These factors are to be applied in a pragmatic and flexible

3   way, as part of a balancing process rather than as a mechanical checklist."  *Nakash*, 882 F.2d at

4   1415 (quotations omitted).

5         Regardless of whether a federal court chooses to stay or dismiss an action, "the decision

6   to invoke *Colorado River* necessarily contemplates that the federal court will have nothing

7   further to do in resolving any substantive part of the case."  *Moses H. Cone*, 460 U.S. at 28.

8   However, the Ninth Circuit has held that a stay is favored over dismissal in situations where a

9   stay "ensures that the federal forum will remain open if for some unexpected reason the state

10   forum does turn out to be inadequate."  *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241,

11   243 (9th Cir. 1989) (quotations omitted).

12   **B.      A Stay Is Proper Under the *Colorado River* Doctrine.**

13         In *Nakash*, individuals and their related corporate entities filed a state suit alleging state

14   claims and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

15   888 F.2d at 1412-13.  Later, the individuals filed a federal suit consisting of similar – but not

16   identical – claims.  *Id.* at 1413.  The Ninth Circuit held that a stay was appropriate under

17   *Colorado River* and noted that although the Supreme Court has held that federal courts have a

18   "virtually unflagging obligation" to exercise jurisdiction, "this somewhat overstates the law

19   because in certain circumstances, a federal court may stay its proceedings in deference to

20   pending state proceedings."  *Id.* at 1415 (citing *Colorado River*, 424 U.S. at 817).

21         The Ninth Circuit held that despite the lack of exact parallelism between the parties and

22   actions, the actions were substantially similar because both involved disputes over the same

23   conduct and an overlap of key parties.  *Id.* at 1416-17.  The court cited three relevant factors

24   under *Colorado River*: (1) piecemeal litigation was likely to result given the state action's

25   significant progression; (2) the presence of a federal-law issue (the RICO claim), though

26   normally weighing in favor of federal jurisdiction, was less significant given the fact that law

27   created concurrent jurisdiction over the issue; and (3) the state proceeding was adequate to

28   protect the parties' rights.  *Id.* at 1415-16.

1    Here, the State Action and this federal action are substantially similar, both in claims

2    presented, class identity and parties.  The only real dispute raised by Plaintiff is that he has sued

3    a different Comcast entity from the one sued in the State Action.  However, given the evidence

4    submitted, it is clear that the same Comcast entity is sued in both actions.  (*See* Declaration of

5    Jennifer Kramer at ¶¶ 2, 4.)  Even if there were slight differences in the named parties or

6    additional state law claims in this action, these differences would not preclude application of the

7    *Colorado River* doctrine because the doctrine requires only a "substantial similarity," not exact

8    parallelism.  *See Nakash*, 882 F.2d at 1416; *see also Thiam v. Fillmore Props., LLC*, 2005 WL

9    3357134, *2 (N.D. Cal. 2005) (finding that two actions involved substantially the same parties,

10   despite the presence of additional parties in the federal action).

11    Applying all of the *Colorado River* factors, the balance tips heavily in favor of issuing a

12   stay.  Staying this action will avoid piecemeal litigation.  Accordingly, in the interest of "wise

13   judicial administration," the Court finds that a stay pursuant to *Colorado River* is appropriate.

14   *See Colorado River*, 424 U.S. at 817.

15                                   **CONCLUSION**

16    For the foregoing reasons, the Court GRANTS Comcast's motion to stay.  This action is

17   STAYED pending completion of the State Action.  The Court orders the parties to submit status

18   reports regarding all related state court proceedings every 120 days.

19

20    **IT IS SO ORDERED.**

21   Dated:   January 6, 2011

22                                                   JEFFREY S. WHITE
                                                     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28